IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIZ MEDIA, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-12726 |
| | ) |
| THE PARTNERSHIPS and | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE A, | ) Honorable Lindsay C. Jenkins |
| | ) |
| Defendants. | ) |

**PROBABLY OPPOSED MOTION TO DISSOLVE OR MODIFY THE PRELIMINARY INJUNCTION**

Defendants, *Defendant No. 106 A Unique Pattern*, *Defendant No. 135 Lucky Cool Clothes*, *Defendant No. 136* Mens *Customized Pattern*, *Defendant No. 148 Special Pattern Customization*, and *Defendant No. 150 Super Personalized Clothes* (collectively, "Defendants"), by and through undersigned counsel, respectfully request that this Court dissolve the Preliminary Injunction [Dkt No. 25] or, alternatively, modify the scope of the asset freeze, and in support thereof state as follows.

On February 14, 2025, the undersigned counsel emailed Plaintiff's counsel (at the contact email address ipenforcement@agdglaw.com, as designated by Plaintiff's counsel) requesting feedback on the motion draft. On February 17, 2025 (CST), the undersigned counsel followed up twice regarding the proposed briefing schedule. However, Plaintiff's counsel only responded

with a revised settlement offer. As of the time of this filing, Plaintiff's counsel has not responded to either the motion draft or the proposed schedule.

## I. INTRODUCTION

Despite the fact that Defendants' accused product sales amount to only $114.51, their entire Temu accounts, totaling approximately $15,389.17, have been frozen, including sales proceeds from unrelated products. The restraint on these assets is excessive and disproportionate. Defendants have appeared to defend themselves in this case, demonstrating no risk of fleeing. The balance of hardships favors the Defendants. The current asset freeze, which affects funds unrelated to the alleged infringement, severely restricts Defendants' ability to operate their business and risks causing irreparable harm to their legitimate business operations. Any potential harm to Plaintiff (if any) can be fully remedied through monetary damages.

## II. LEGAL STANDARDS

In *Antsy* Labs*, LLC v. The Individuals*, 21 C 3289 (N.D. Ill. Nov. 23, 2022), this Court held that the standard for dissolving a preliminary injunction is the same as that for granting one, and no change in circumstances is required to warrant dissolution. *Id.* at *5 (citing *Centurion Reinsurance Co. v. Singer*, 810 F.2d 140, 143 (7th Cir. 1987), which affirmed that the standards for dissolving an injunction are the same as those for granting or denying one).

To obtain a preliminary injunction, the moving party must show that:

1. It will suffer irreparable harm before the final resolution of its claims;
2. Traditional legal remedies are inadequate; and
3. There is a likelihood of success on the merits. *Id.* at *4 (citing *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323-24 (7th Cir. 2015)).

If these threshold requirements are met, the court must balance the harm to the moving plaintiff if the injunction is denied against the harm to the non-movant if it is granted. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010).

The moving plaintiff bears the burden of persuasion with respect to each factor in the preliminary injunction analysis. If it fails to meet *just one* of the required elements, the injunction *must* be denied. *Smith v. Foster*, 2016 WL 2593957, at *3 (E.D. Wis. May 5, 2016) (quoting *Cox v. City of Chicago*, 868 F.2d 217, 219-23 (7th Cir. 1989)) (emphasis added).

Thus, to meet its burden, the plaintiff must provide evidence for each required element of injunctive relief. *Air Serv Corp. v. Serv. Emps. Int'l Union*, 2016 WL 7034136, at *1 (N.D. Ill. Dec. 2, 2016). If the plaintiff meets these requirements, the Court must balance the competing harms. See e.g. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010).

### III. PROCEDURAL HISTORY

1. On December 19, 2024, a Temporary Restraining Order [Dkt. No. 14] was issued by this Court, freezing the assets of all five Defendants.

2. On January 14, 2025, Plaintiff filed a Motion for Preliminary Injunction [Dkt. No. 19] and a Memorandum of Law in Support [Dkt. No. 20].

3. On January 22, 2025, a Preliminary Injunction Order [Dkt. No. 24] was entered by this Court.

### IV. ARGUMENTS

#### A. The Preliminary Injunction Should Be Dissolved

1. **The Balance of Hardships Weighs Heavily in Favor of Defendants**

The balance of hardships clearly favors Defendants. If the preliminary injunction remains in place, Defendants will suffer the potential destruction of their business. The asset freeze has already prevented them from accessing the funds necessary for day-to-day operations, leading to substantial disruption to their legitimate business activities.[1] In contrast, any potential harm to Plaintiff is speculative and could be fully compensated through monetary damages if Plaintiff prevails on the merits.

2. **Defendants Have Appeared in This Action**

Courts note that it is appropriate to maintain a asset freeze after a defendant has appeared and is participating in the case. See e.g. *Manchester United Football Club Limited v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:24-cv-05692, ECF No. 61, 8/28/24 Hr'g Tr. 4:8–8:17 (N.D. Ill. Aug. 28, 2024) ("the restraint of assets is to preserve a remedy of an accounting. An accounting can happen from looking at records. I don't know why you need to freeze assets once the Defendant are in the case and participating."); *Jiangsu Huari Webbing Leather Co., Ltd. v. Joes Identified in Schedule A*, No. 1:23-cv-02605-JLR, ECF No. 60, Tr. at 61:21–62:15, 64:1–10 (S.D.N.Y. May 8, 2023) ("Here, we have three Defendant who have shown up here that do not fit that mold; and, in any event, that is precisely a basis that courts have held insufficient to justify an attachment, especially the broad one that has been requested here and is apparently being effectuated by Amazon.")

Defendants have made their appearance in this case and are actively defending themselves. It is unreasonable to assume that Defendants would expose themselves to this lawsuit if they intended to flee or conceal their assets. The claim that Defendants might "disregard their

---

[1] See Decl. of Biying Lai, corporate representative of Special pattern customization
See Decl. of Song Wang, corporate representative of Mens customized pattern
See Decl. of Yanqin Zhou, corporate representative of A unique pattern
See Decl. of Yanqin Zhou, corporate representative of Lucky Cool Clothes
See Decl. of Yanqin Zhou, corporate representative of Super personalized clothes

4

responsibilities and fraudulently transfer financial assets to overseas accounts" [Dkt. No. 8 at 13] is unsupported by any credible evidence.

**B. The Injunctive Relief Is Overbroad and Should Be Dissolved or Narrowed**

1. **The Injunctive Relief Is Overbroad**

Plaintiff bears the burden of demonstrating entitlement to an asset freeze, and such a freeze must be narrowly tailored to the specific proceeds from the allegedly infringing products. *See SEC v. ETS Payphones, Inc.*, 408 F.3d 727, 735 (11th Cir. 2005). Asset freezes cannot extend to assets that are unrelated to the alleged wrongdoing. *See SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (holding that "a court may not reach assets on which the plaintiff can have no equitable claim").

Plaintiff has failed to meet this burden. The assets frozen by the Preliminary Injunction extend far beyond the proceeds from the allegedly infringing products. Defendants sell a broad range of products unrelated to the accused T-shirts, yet the asset freeze affects all of Defendants' assets, including those derived from non-infringing activities.[2] See Decl. This is an overreach that unnecessarily harms legitimate business operations.

Plaintiff requests an "*ex parte* restraint of Defendants' assets so that Plaintiff's right to an equitable accounting of Defendants' profits from sales of Unauthorized RWBY Products is not impaired." (Dkt. No. 8 at 13-14). However, the total sales proceeds from the allegedly infringing goods are minimal and clearly ascertainable, as shown below:

- Special pattern customization: $10.72[3]

---

[2] See Decl. of Biying Lai, corporate representative of Special pattern customization
See Decl. of Song Wang, corporate representative of Mens customized pattern
See Decl. of Yanqin Zhou, corporate representative of A unique pattern
See Decl. of Yanqin Zhou, corporate representative of Lucky Cool Clothes
See Decl. of Yanqin Zhou, corporate representative of Super personalized clothes
[3] See Decl. of Biying Lai, corporate representative of Special pattern customization

- Mens customized pattern: $12.50[4]
- A unique pattern: $0[5]
- Lucky Cool Clothes: $20.66[6]
- Super personalized clothes: $70.63[7]

However, the assets frozen by Plaintiff far exceed these amounts:

- Special pattern customization: $3,359.30[8]
- Mens customized pattern: $3,333.97[9]
- A unique pattern: $2,471.05[10]
- Lucky Cool Clothes: $3,008.22[11]
- Super personalized clothes: $3,214.63[12]

This discrepancy further underscores the overbreadth of the Preliminary Injunction, which violates *ETS Payphones, Inc*'s mandate for narrowly tailored remedies

2. **Maximum Statutory Damages Should Not Justify the Asset Freeze**

"Although the Lanham Act permits a plaintiff to choose either actual or statutory damages, statutory damages are "most appropriate" when an infringer's nondisclosure makes actual damages uncertain." *Luxottica USA LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 2015 U.S. Dist. LEXIS 78961, at *4 (N.D. Ill. June 18, 2015) (citing *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F.Supp.2d 161, 165 (S.D.N.Y. 1999)). However, even where statutory damages are appropriate, statutory damages should approximate actual damages. *See*

---

[4] See Decl. of Song Wang, corporate representative of Mens customized pattern
[5] See Decl. of Yanqin Zhou, corporate representative of A unique pattern
[6] See Decl. of Yanqin Zhou, corporate representative of Lucky Cool Clothes
[7] See Decl. of Yanqin Zhou, corporate representative of Super personalized clothes
[8] See Decl. of Biying Lai, corporate representative of Special pattern customization
[9] See Decl. of Song Wang, corporate representative of Mens customized pattern
[10] See Decl. of Yanqin Zhou, corporate representative of A unique pattern
[11] See Decl. of Yanqin Zhou, corporate representative of Lucky Cool Clothes
[12] See Decl. of Yanqin Zhou, corporate representative of Super personalized clothes

*e.g. Coach, Inc. v. 3D Designers Inspirations*, 70 F. Supp. 3d 942, 947 (C.D. Ill. 2014); *Entm't One UK Ltd. v. 2012shiliang,* 384 F. Supp. 3d 941, 953 (N.D. Ill. 2019) *(*citing *Luxottica,* at *2) .

Plaintiff improperly relies on maximum statutory damages of up to $2 million for willful trademark infringement to justify the overbroad asset freeze without providing any evidence of specific sales or actual damages, [Dkt No. 20 at 4], violating the the *Luxottica* standard that statutory damages must approximate actual damages.

Furthermore, the sales figures for the allegedly infringing products are fully ascertainable from the e-commerce platform, Temu, and actual damages should form the basis for determining the amount of assets to be restrained.

## V. REQUEST FOR RELIEF

For the reasons stated above, Defendants respectfully request that the Court:

- Dissolve the Preliminary Injunction Order [Dkt. No. 25] in its entirety, or
- Alternatively, substantially narrow the scope of the asset freeze to only those assets directly related to the alleged infringement, as follows:
    - $10.72 for Special Pattern Customization,
    - $12.50 for Mens Customized Pattern,
    - $0 for A unique pattern,
    - $20.66 for Lucky Cool Clothes, and
    - $70.63 for Super Personalized Clothes.

Dated: February 18, 2025

Respectfully submitted,

/s/ *Qin Zhuang*

Qin Zhuang

Beijing Yunting Law Firm

16-18th Floor, Ruisai Building

126 Jianguo Road, Chaoyang

Beijing, PRC 100022

0086-155-1009-0593

zhuangqin@yuntinglaw.com

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

On February 18, 2025, I filed the foregoing document with the clerk of Court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF System, which will send notification of said filing to all counsel of record.

/s/ *Qin Zhuang*

Qin Zhuang